ROSENBOOM v VANEK

Docket No. 111412. Submitted June 15, 1989, at Lansing. Decided
September 12, 1989. Leave to appeal applied for.

Thomas Rosenboom, an employee of the University of Michigan,
brought an action in the Washtenaw Circuit Court against Ann
E. Vanek and Kata Issari, alleging slander and intentional
infliction of emotional distress. Vanek had signed a complaint
against Rosenboom accusing him of sexual assault and reported
the incident to Rosenboom's supervisor. Issari, an employee at
the university's sexual assault counselling center, also called
Rosenboom's supervisor, asking him to discuss the Rosenboom
case with her and asking what he was going to do about
Rosenboom. Defendants moved for summary disposition, citing
a university policy that all acts of sexual harassment be re-
ported. The court, Edward D. Deake, J., granted summary
disposition for Vanek on the basis of a qualified privilege due to
a shared interest and for Issari on the basis that plaintiff failed
to state a claim. Plaintiff appealed.

The Court of Appeals *held:*

1. A shared interest qualified privilege extends to all bona
fide communications concerning any subject matter in which a
party has an interest or a duty owed to a person sharing a
corresponding interest or duty; the privilege embraces moral
and social obligations as well as legal duties. Vanek's communi-
cation with plaintiff's supervisor came within the qualified
privilege. Plaintiff did not establish actual malice to overcome
the privilege.

2. Summary disposition in favor of Issari was proper since
her statements were not defamatory.

3. Plaintiff's bald assertion that discovery was incomplete is
insufficient to reverse the court's decision.

Affirmed.

LIBEL AND SLANDER — PRIVILEGE — SHARED INTEREST.

A shared interest qualified privilege extends to all bona fide

REFERENCES

Am Jur 2d, Libel and Slander §§ 202, 204.

See the Index to Annotations under Discipline and Disciplinary
Actions; Libel and Slander.

communications concerning any subject matter in which a party has an interest or a duty owed to a person sharing a corresponding interest or duty; the privilege embraces moral and social obligations as well as legal duties.

*Seeligson & Jordan* (by *Leslie R. Seeligson*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Robert M. Vercruysse* and *Leonard M. Niehoff*), for defendants.

Before: BEASLEY, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Plaintiff, Thomas Rosenboom, appeals as of right from an order granting summary disposition in favor of defendant Ann Elizabeth Vanek, under MCR 2.116(C)(10), and in favor of defendant Kata Issari, under MCR 2.116(C)(8).

The facts giving rise to this litigation started on September 12, 1987, when defendant Vanek, who was both a student at the University of Michigan and an employee of the University Club, was assaulted outside her residence. Approximately ten days later, she claimed to see her assailant while working at the University Club, which is a restaurant and bar at the University of Michigan for the use of faculty and students. On September 25, 1987, Vanek signed a criminal complaint identifying plaintiff as her assailant. He was charged with criminal sexual conduct, fourth degree, contrary to MCL 750.520e; MSA 28.788(5).

On October 20, 1987, plaintiff filed a nine-count complaint in the Washtenaw Circuit Court against defendants, alleging that defendants' actions constituted tortious interference with contract, slander and intentional infliction of emotional distress. By stipulation, the parties dismissed the tortious

interference with contract claim, leaving the slander and intentional infliction of emotional distress claims.

On January 22, 1988, a hearing was had concerning plaintiff's motion for a permanent injunction, seeking to stop defendants from "harassing" plaintiff's supervisor. At the hearing, plaintiff called Dr. Robert Kyes, who was plaintiff's supervisor and department chairman of Germanic Languages at the university. Kyes testified that on September 25, 1987, defendant Vanek contacted him and told him that she had been attacked by a student in his department whom she identified as "Antonio Enrique." She said that it was a serious matter, that she was certain of her identification, and that he could go to jail for two years. She asked him to make certain that plaintiff not be allowed to repeat this act. After this conversation, Kyes contacted the Ann Arbor police and asked who defendant Vanek had identified in her complaint. The police told him that the accused's name was "Antonius Henricus Rosenboom." After his conversation with the police, Kyes realized that defendant Vanek's complaint concerned plaintiff, who was at that time assigned to his department.

Kyes also testified that on October 7, 1987, he was contacted by defendant Issari, who worked at the university's sexual assault counselling center. She asked Kyes to fill her in on the progress of the Rosenboom case. When he refused to answer, she then asked him what he was going to do about Rosenboom. In response, he told her that he was not at liberty to discuss the matter. She then expressed surprise that no action was taken and again asked him to keep her informed of the progress of the case.

Plaintiff's case is based upon these statements made to Kyes by the two defendants.

Later, Kyes testified that no steps were taken to fire plaintiff or in any way penalize him. On cross-examination, when asked if defendant Issari made any accusations against plaintiff, Kyes said that she had not and that nothing was done to penalize him as a consequence of defendant Vanek's report.

On January 22, 1988, the circuit court stayed the within civil case until the completion of the criminal case against plaintiff. On February 1, 1988, Washtenaw Circuit Court Judge Ross Campbell dismissed the criminal charge against plaintiff. On April 1, 1988, defendants moved for summary disposition in the within case. On April 22, 1988, the Washtenaw Circuit Court heard oral arguments on defendants' motion, Judge Edward D. Deake presiding. In support of their motion, defendants submitted an affidavit from defendant Vanek, the testimony of Kyes given earlier at the January 22, 1988, hearing, and a University of Michigan policy memorandum regarding the reporting of sexual or racial harassment. In response, plaintiff submitted defendant Vanek's testimony given at the criminal preliminary exam, his own affidavit, and the University's internal policy memorandum.

In her affidavit, defendant Vanek stated that she had contacted Kyes pursuant to a university policy and in the belief that such incidents should be reported. She also stated that she believed the comments she made regarding Rosenboom were true and that he was the man who assaulted her. The university policy memorandum encourages that all acts of sexual or racial harassment be reported.

In granting defendant Vanek's motion for summary disposition under MCR 2.116(C)(10), the trial

court found that a qualified privilege of "shared interest" existed and, therefore, plaintiff would have to demonstrate actual malice to overcome the privilege. Since the court did not find that plaintiff demonstrated actual malice, it granted defendant Vanek's motion. As to the claims against defendant Issari, the court granted summary disposition pursuant to MCR 2.116(C)(8). In granting Issari's motion, the trial court noted that her alleged defamatory comments consisted of an inquiry into the status of plaintiff's case and, therefore, since Issari's inquiry did not escalate to the level of slander, plaintiff had failed to state a claim upon which relief could be granted. Plaintiff appeals as of right. We affirm.

On appeal, plaintiff first claims that a "qualified privilege" does not attach to a communication between a university student and the chairman of an academic department concerning a faculty member assigned to that department where the student is neither enrolled in the department nor taking classes from the faculty member and where the communication concerns conduct allegedly unrelated to any university function.

Michigan law recognizes a qualified privilege as applying to communications on matters of "shared interest" between parties. In *Harrison v Arrow Metal Products, Corp,*[1] we defined the "shared interest" privilege and held that it extends to all bona fide communications concerning any subject matter in which a party has an interest or a duty owed to a person sharing a corresponding interest or duty. The privilege embraces not only legal duties but also moral and social obligations.

In the present case, defendant Vanek's statements made to Kyes come within the "shared

[1] 20 Mich App 590, 611-612; 174 NW2d 875 (1969), lv den 383 Mich 816 (1970).

interest" privilege. Formerly, perhaps we would not have considered that a student at the university and the chairman of a department would have any shared interest concerning a student's criminal charges against a member of the department. However, current university policies strongly encourage that both employees and students report sexual assaults. Thus, Vanek had an interest in reporting the attack and Kyes shared a corresponding interest in the report. While a strict interpretation or application of the university policy might seem to indicate that Vanek should have contacted the university's affirmative action office or her supervisor, we are not inclined to nullify her privilege for any such technical reasons. Plaintiff has failed to demonstrate that Vanek's reports were anything but bona fide statements made between parties sharing a mutual interest.

Plaintiff has not established actual malice and, therefore, has not overcome the shared interest privilege.[2] Except for general conclusionary allegations, plaintiff has not supported his claims with proofs sufficient to create a genuine issue of material fact as to actual malice. Plaintiff claims that defendant Vanek's affidavit stating that she believed her statements to be true did not form a sufficient basis for granting summary disposition under MCR 2.116(C)(10), citing *Walker v Cahalan*.[3] But, reliance on that case is misplaced. Here, Vanek's affidavit, unlike the one in *Walker,* did not stand alone, but was coupled with the testimony of Kyes and plaintiff. Plaintiff had to come forward with some documentary evidence to establish actual malice, which plaintiff failed to do.

[2] See *Harrison, supra,* p 613.

[3] 411 Mich 857; 306 NW2d 99 (1981), cert den 454 US 1032; 102 S Ct 570; 70 L Ed 2d 476 (1981), reversing 97 Mich App 346; 296 NW2d 18 (1980).

Therefore, summary disposition in favor of defendant Vanek was not in error.

Next, plaintiff claims it was error for the trial court to dismiss his slander claim against defendant Issari under MCR 2.116(C)(8) for failure to state a claim without granting plaintiff an opportunity to amend. Here, the words spoken by defendant Issari were not defamatory, and no factual development could make them defamatory. Her statements simply inquired into the status of plaintiff's case. The record does not indicate that plaintiff moved to amend. In fact, plaintiff did not supply the summary disposition transcript on appeal. Furthermore, plaintiff has not indicated how he intends to amend his complaint so as to state a cause of action.

Finally, plaintiff claims it was error for the trial court to grant summary disposition under MCR 2.116(C)(10) when discovery was pending and had not been terminated by a pretrial order. If the party opposing a motion for summary disposition cannot present competent evidence of a disputed fact because discovery is incomplete, the party must at least assert that such a dispute does indeed exist and support the allegation by some independent evidence, even if hearsay.[4]

In the within case, contrary to his representations, plaintiff has had ample opportunity to conduct discovery. From commencement of suit on October 20, 1987, plaintiff had some nine months to complete discovery, except for the brief one-week period when the court temporarily stayed the civil proceedings until the completion of plaintiff's criminal trial. On appeal, plaintiff offers mere conjecture and does not point to any evidence which could help his case.

[4] *Pauley v Hall*, 124 Mich App 255, 263; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983).

Therefore, we affirm the trial court's grant of summary disposition to defendants.

Affirmed.