NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0177n.06
Filed: March 5, 2007

No. 05-2365

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FREDDIE WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DETROIT BOARD OF EDUCATION; | ) | EASTERN DISTRICT OF MICHIGAN |
| LAVONNE SHEFFIELD; KENNETH | ) | |
| BURNLEY; JOHN DOE I AND II, | ) | |
| individually and in their official capacities, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, Chief Judge; COOK, Circuit Judge; and CARR, District Judge.[*]

PER CURIAM. Freddie Williams, Jr., a former high school principal, appeals from summary judgment entered for Defendants Detroit Board of Education (DBE), former DBE superintendent Dr. Kenneth Burnley, and former DBE Chief of Staff Dr. LaVonne Sheffield. We reverse the summary judgment on Williams's defamation claim, and we affirm on all other claims.

I

---

[*]The Honorable James G. Carr, Chief United States District Judge of the Northern District of Ohio, sitting by designation.

Freddie Williams was appointed principal of Trombly Alternative High School in 1997 after nearly twenty years' service as a teacher. A few years later, DBE received complaints about the potential misuse of funds and equipment at Trombly and commenced an audit of the school. In December 2001, one day after DBE revised the draft audit report to incorporate Williams's response, the *Detroit News* published an article detailing the audit's findings of Williams's alleged misdeeds.

The school board held a fitness hearing in January 2002, and although Williams attended with counsel, he refused to answer the charges against him because he claimed that he needed to see additional documents. One week later, Burnley terminated Williams as principal. In March 2002, Sheffield notified Williams that DBE was bringing charges against him before the Teacher Tenure Commission and explained his rights under Michigan law.

Williams initially contested those charges, but voluntarily retired before the Commission could hold a hearing. Williams then filed two separate suits in Michigan Circuit Court, and the defendants removed and consolidated them. After extensive discovery, the district court granted summary judgment to the defendants on all of Williams's claims. Williams timely appealed.

II

We review de novo "decisions granting summary judgment, drawing all reasonable inferences in favor of the nonmoving party." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). We affirm the district court's disposition of Williams's federal procedural due process claims and

his claims under Michigan law for wrongful discharge, denial of fair and just treatment, and intentional infliction of emotional distress for the reasons stated in that opinion. We further note that the Michigan Court of Appeals' recent decision in *Bush v. Detroit Sch. Dist.*, No. 04-422749-CZ, 2006 WL 2685088 (Mich Ct. App. Sept. 19, 2006), supports the district court's conclusion that Williams was employed at will. Williams does not contest the district court's disposition of his substantive due process and retaliation claims, and we deem any challenge to the judgment on those claims abandoned on appeal. *See Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004).

Williams also complains that DBE constructively discharged him from his position as a teacher by filing meritless charges against him and by "threatening" his pension. Constructive discharge occurs under Michigan law "when an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Manning v. City of Hazel Park*, 509 N.W.2d 874, 880 (Mich. Ct. App. 1993). We agree with the district court that Williams has failed to show that his working conditions were intolerable enough to establish a constructive discharge. Nor can Williams claim he was constructively discharged simply because DBE advised him that he might lose his pension if disciplined by the Teacher Tenure Commission.

Finally, Williams argues that DBE defamed him by releasing the draft audit report to the press. The defendants argued, and the district court agreed, that DBE's statements were protected by Michigan's shared interest privilege. *See, e.g.*, *Rosenboom v. Vanek*, 451 N.W.2d 520, 522 (Mich. Ct. App. 1989). We cannot agree because this privilege only extends "to all bona fide

communications concerning any subject matter in which a party has an interest or a duty owed to a person sharing a corresponding interest or duty." *Id.* at 522; *see also Nuyen v. Slater*, 127 N.W.2d 369, 373 (Mich. 1964); *Swenson-Davis v. Martel*, 354 N.W.2d 288, 290-91 (Mich. Ct. App. 1984). There is no legal interest or duty running between DBE and the *Detroit News* (unlike, for example, a state disciplinary committee) that would allow DBE to claim the privilege. Although the district court erred by granting summary judgment on this basis, the defendants may move again for summary judgment on other grounds.

III

For these reasons, we reverse summary judgment on Williams's defamation claim and affirm the judgment on all other claims, noting that 28 U.S.C. § 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over a state claim after dismissing all of the federal claims.