## PETERSEN v HEFLIN

Docket No. 86859. Submitted April 7, 1987, at Lansing. Decided October 5, 1987.

Marcia Petersen, individually and as personal representative of the estate of her deceased husband, Rory R. Petersen, brought an action in Van Buren Circuit Court against her parents, L. D. and Wilma Heflin, for injuries resulting from a wound caused by a bullet shot from a rifle held by defendant L. D. Heflin. The fatal shot was fired during a confrontation between L. D. Heflin and the deceased. Plaintiff alleged that L. D. Heflin carelessly and negligently aimed the gun he was holding at the deceased during the course of that family argument and repeatedly discharged the firearm in the deceased's direction. Plaintiff alleged that defendant Wilma Heflin owed a duty of care to the deceased to take action to warn the deceased and restrain her spouse and thereby prevent the resulting injury and that that duty arose out of the fact that she was the last possible rescuer and because of her special relationship to both the victim and the actor. Defendant Wilma Heflin moved for summary disposition. The trial court, Meyer Warshawsky, J., granted defendant Wilma Heflin's motion, holding that she had no duty of care with respect to the deceased under the circumstances. Plaintiff appealed.

The Court of Appeals *held:*

1. Generally, a person has no duty to protect another from the dangerous propensities of a third person, but such a duty will arise where there is a special relationship with the victim or the dangerous person.

2. The fact that defendant wife attempted to summon the police by telephone did not make her a voluntary rescuer of the deceased such that she had a duty to the deceased to undertake further measures in an attempt to rescue him from the situation.

3. The fact that the deceased was the son-in-law of defendant

REFERENCES

Am Jur 2d, Negligence §§ 36 *et seq.*

Comment Note.—Foreseeability as an element of negligence and proximate cause. 100 ALR2d 942.

wife did not, by itself, create a special relationship which would give rise to a duty on defendant wife's part to act as protector for the benefit of her son-in-law.

4. The mere fact of the spousal relationship between the defendants did not create in defendant wife a special relationship which would give rise to a duty on defendant wife's part to control her husband's behavior or protect others from his conduct.

Affirmed.

1. NEGLIGENCE — THIRD PARTIES — DUTY.

An individual generally owes no duty to protect another individual who is endangered by a third person, unless the first individual has some special relationship with either the dangerous person or the potential victim.

2. NEGLIGENCE — DUTY — SUMMONING POLICE.

The act of telephoning the police to inform the authorities of a possible affray does not place the person making such a phone call in the role of a voluntary rescuer such that the person owes a duty to take other measures to rescue either member of the affray from the situation.

3. NEGLIGENCE — DUTY.

Being the mother-in-law of the victim in an affray does not by itself create in the mother-in-law a duty to attempt to protect her son-in-law from harm or danger.

4. NEGLIGENCE — DUTY — SPOUSAL RELATIONSHIP.

The marital relationship does not automatically impose upon one spouse a legal obligation to protect third persons from the dangerous or negligent acts of the other spouse.

*Milton J. Marovich,* for plaintiff.

*Hatch & Smith* (by *James W. Smith*), for defendant.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right from an order entered August 7, 1985, denying her motion for reconsideration of an order entered

---

* Circuit judge, sitting on the Court of Appeals by assignment.

May 15, 1985, by which the trial court dismissed her complaint against defendant Wilma Heflin under MCR 2.116(C)(8) and (10). Defendant L. D. Heflin remains a party to this proceeding in the lower court but is not a party on appeal. We affirm the trial court's order of summary disposition under MCR 2.116(C)(10).

Plaintiff is the daughter of defendants Wilma and L. D. Heflin. She filed this complaint on December 11, 1984, individually and as personal representative of the Estate of Rory Richard Petersen, her husband, who was killed on August 3, 1984, when he was struck in the chest by a bullet discharged from L. D. Heflin's gun. According to the complaint, L. D. Heflin carelessly and negligently aimed his gun at the decedent during the course of a family argument and repeatedly discharged it in decedent's direction.

Plaintiff asserts three separate counts against her mother, Wilma Heflin. In Count I, plaintiff alleges that defendant Wilma Heflin owed a duty of care to the decedent "to take necessary action to avoid the infliction of harm which she knew or should have known could be inflicted upon" the decedent by L. D. Heflin and that defendant breached that duty by failing to act. In Count III, plaintiff alleges that Wilma Heflin was negligent per se in that she had a "statutory duty to exert herself to obtain compliance with the statute[s][1] by L. D. Heflin" and that "her failure to warn the deceased constituted an aiding and abetting of the statutory violation." In Count IV, plaintiff alleges the "negligent infliction of emotional distress" as a

---

[1] Earlier in Count III, plaintiff charges L. D. Heflin with negligence per se in his violation of the following statutes: MCL 750.233; MSA 28.430, MCL 750.234; MSA 28.431, MCL 750.235; MSA 28.432, MCL 752.861; MSA 28.436(21) and MCL 752.a863; MSA 28.436(24).

result of defendant Wilma Heflin's omissions of conduct.[2]

Wilma Heflin filed her motion for summary disposition on March 14, 1985, under MCR 2.116(C)(10), alleging that there were no genuine issues as to any material fact and that she was entitled to judgment in her favor as a matter of law. Specifically, Wilma Heflin argues that she had no legal duty to the decedent to control L. D. Heflin's actions and that she had no legal duty to warn the decedent of the danger posed to him by her husband. She also argues that she did not aid or abet L. D. Heflin in violating any criminal statutes and that she is not liable for the infliction of emotional distress upon plaintiff, since plaintiff did not witness the shooting.

In granting defendant's motion, the trial court considered the pleadings, particularly plaintiff's answers to defendant's interrogatories, and defendant Wilma Heflin's affidavit. The court determined that summary disposition was appropriate under both MCR 2.116(C)(8) and (10) because defendant Wilma Heflin owed no legal duty to her son-in-law to protect him from the actions of her husband.

The element of duty in a negligence action encompasses " 'the relation between individuals which imposes upon one a legal obligation for the benefit of the other.' " *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977), citing Prosser, Torts (4th ed), § 53, p 324. The existence of an actionable duty is a question of law for the courts. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981). Generally, a person has no duty to protect another from the dangerous propensities of a third

[2] Although plaintiff also asserts in Count IV the negligent infliction of emotional distress upon her two minor children, she has not filed this action on behalf of her two children as next friend.

person, but such a duty will arise where there is a special relationship with the victim or the dangerous person. See *Welke v Kuzilla,* 144 Mich App 245, 250; 375 NW2d 403 (1985).

Plaintiff describes four special relationships which, she argues, created a duty on the part of Wilma Heflin to control the conduct of her husband or to warn the decedent of the dangers posed to him by her husband. Plaintiff points out that defendant Wilma Heflin was the mother-in-law of the victim, the wife of the dangerous person, the co-owner of the property on which the shooting accident occurred (the Heflin home) and the last possible rescuer. We reject all four theories.

In arguing that defendant Wilma Heflin is liable as the last possible rescuer, plaintiff relies for authority upon the Michigan Supreme Court's decision in *Farwell v Keaton,* 396 Mich 281; 240 NW2d 217 (1976). In *Farwell,* however, the defendant had voluntarily come to the aid of the victim and was thus charged with doing so in a reasonable manner. Although defendant Wilma Heflin was in the process of telephoning the police at her husband's request when the shooting occurred, this act does not place her in the role of a voluntary rescuer who is in control of the situation. The decedent presented himself to the Heflin home and could have left of his own volition by simply driving away his vehicle at any point before the shooting. The decedent had been told that he was not welcome in the Heflin home and, in fact, had never been allowed to visit. Plaintiff and her two children visited regularly, however, and the shooting incident was triggered after L. D. Heflin discovered signs of physical abuse upon his granddaughter. Plaintiff departed and apparently relayed L. D. Heflin's threat to the decedent, who then drove up to the Heflin home honking his

horn and shouting loudly. When L. D. Heflin realized that decedent was approaching, he instructed his wife to telephone the police and retreated to the back of the house where he kept his guns. There is no possible factual development which could support plaintiff's theory that defendant Wilma Heflin had a legal obligation to rescue the decedent from this situation.

Nor, under the particular facts of this case, can it be said that a special relationship between defendant Wilma Heflin and the decedent existed by virtue of the fact that she was his mother-in-law. It is clear from the undisputed evidence that the Heflins did not get along with the decedent, that they had never allowed him to enter their home and that they disliked the decedent because he was sullen, refused to work and physically abused their daughter and grandchildren. We do not think that any reasonable theory would impose upon this family relationship a legal obligation on Wilma Heflin's part to act as protector for the benefit of her son-in-law. See *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984).

Nor was Wilma Heflin legally obligated to protect the decedent because of her special relationship with the dangerous person, her husband. We decline to hold that the marital relationship automatically imposes upon one spouse a legal obligation to protect third persons from the dangerous or negligent acts of the other spouse. While there may be special facts and circumstances underlying some marital relationships which might give rise to such a duty, we find none in the instant case. There is no evidence that Wilma Heflin had any special knowledge or training with regard to the mental state of her husband, nor is there any evidence that she had a special ability to control his conduct. The shooting which occurred in this

case was the result of negligence rather than an intentional act, in contrast with the line of cases in which this Court found a duty to warn based on the relationship between a psychologist and a client. See *Davis v Lhim,* 124 Mich App 291; 335 NW2d 481 (1983), remanded 422 Mich 875 (1985); *Bardoni v Kim,* 151 Mich App 169; 390 NW2d 218 (1986); *Hinkelman v Borgess Medical Center,* 157 Mich App 314; 403 NW2d 547 (1987). Nor is there any evidence to suggest that defendant Wilma Heflin created or contributed to the argument which culminated in the decedent's death. Plaintiff appears to rely solely on the existence of a husband-wife relationship in arguing that Wilma Heflin had some special duty to control her husband's behavior or protect others from his conduct. We reject the argument and hold that the trial court did not err in granting summary disposition because of the lack of any duty on the part of defendant Wilma Heflin to the decedent.

Plaintiff does not argue on appeal that defendant Wilma Heflin is liable as an aider and abettor under the criminal statutes of this state and we thus decline to consider the issue. We note, however, that the argument is without merit and, for that reason, appellate counsel properly abandoned the argument on appeal. Plaintiff has also failed to cite any authority in support of finding defendant Wilma Heflin liable on the basis that she was a co-owner of the property on which the shooting occurred. We deem this theory abandoned as well.

Affirmed.