### SMITH v FERGAN

Docket No. 108143. Submitted May 4, 1989, at Lansing. Decided July 11, 1989.

Danica Smith and another employee were discharged from employment as salepersons in a retail establishment when it was discovered that the cash drawer was missing about $20 at the end of one workday. Prior to discharging them, the manager of the store, Robin Fergan, confronted Smith and the other employee and allegedly suggested in the presence of both that, in the absence of some explanation, one or the other of them must have taken the money. Smith brought in Oakland Circuit Court an action against Robin Fergan and Robert W. and Leann Fergan, owners of the store, alleging defamation and wrongful discharge. Defendants moved for summary disposition. The trial court, Gene Schnelz, J., granted defendants' motion, holding that there was no defamation because there was no accusation of theft and no publication and that there was no wrongful discharge because plaintiff was an at-will employee. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court erred in holding there was no defamatory statement or publication. The alleged statement by Robin Fergan could reasonably be understood to be an accusation of theft which had been directed toward plaintiff. The making of the statement in the presence of the other employee would constitute publication.

2. While the trial court improperly held that there was no defamatory statement, the granting of summary disposition was proper because under the circumstances the employer had a qualified privilege to make the statement in the presence of the other employee.

3. The record fails to establish a basis on which to find that

REFERENCES

Am Jur 2d, Libel and Slander §§ 115, 116, 150, 167; Master and Servant § 43.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

Libel and slander: privileged nature of communication to other employees or employees' union of reasons for plaintiff's discharge. 60 ALR3d 1080.

plaintiff could only be discharged for good cause. The fact that defendants required plaintiff to execute at the time of employment an agreement to make restitution of any shortages does not imply that restitution would be the sole remedy if there was a shortage. The trial court did not err in holding that plaintiff's employment contract was terminable at will.

Affirmed.

1. Libel and Slander — Qualified Privilege — Employers — Actual Malice.

An employer has a qualified privilege to defame an employee by publishing a statement to other employees whose duties interest them in the subject matter of the defamatory material; that qualified privilege can be overcome only by showing that the employer's statement was uttered with actual malice.

2. Master and Servant — Employment Contracts — Termination for Just Cause — Implied Contracts.

An employee seeking to establish an implied contract under which employment is terminable only for just cause must establish an objective expectancy as well as a subjective expectancy that employment is terminable only for just cause; an employee's mere subjective expectancy that employment will not be terminated except for just cause is not sufficient to give rise to an implied just-cause contract.

*Winshall, Radner & Curhan* (by *Susan Winshall* and *Shelley P. Hutton*), for plaintiff.

*Bieber & Nickerson* (by *Walter Bieber*), for defendants.

Before: Wahls, P.J., and Weaver and Cavanagh, JJ.

Per Curiam. Plaintiff appeals as of right from a circuit court order which granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

I

The trial court granted summary disposition

based on its findings that (1) there was no defamation of plaintiff because defendant Robin Fergan had made no accusation of theft and no publication and (2) plaintiff's dismissal was not improper because plaintiff was an at-will employee. We agree with plaintiff's contention that the trial court erred in finding no defamatory statement and no publication. However, in granting summary disposition the trial court reached the right result for the wrong reason.

The elements of a cause of action for defamation are: (1) a false and defamatory statement; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) actionability of the statement. *Hodgins Kennels, Inc v Durbin,* 170 Mich App 474, 479-480; 429 NW2d 189 (1988). Here, there was both a defamatory statement and publication to a third party. The words uttered by defendant Robin Fergan implied an accusation of theft and could be so understood by a reasonable person. *Line v Spies,* 139 Mich 484, 488; 102 NW 993 (1905). See also SJI2d 118.04. Because plaintiff was one of two employees towards whom the statement was directed, it is reasonable to conclude that the words were directed at plaintiff as a member of this group and were published in the presence of a third person. *Ball v White,* 3 Mich App 579, 583-584; 143 NW2d 188 (1966); *Grist v The Upjohn Co,* 16 Mich App 452, 483; 168 NW2d 389 (1969).

Because the trial court found no defamatory statement, the court did not reach the issue of whether the statement was one of qualified privilege. The elements of qualified privilege are: (1) good faith; (2) an interest to be upheld; (3) a statement limited in scope to this purpose; (4) a proper occasion; and (5) publication in a proper

manner and to proper parties only. *Bufalino v Maxon Bros, Inc,* 368 Mich 140, 153; 117 NW2d 150 (1962). An employer has the qualified privilege to defame an employee by publishing statements to other employees whose duties interest them in the same subject matter. *Tumbarella v The Kroger Co,* 85 Mich App 482, 494; 271 NW2d 284 (1978). A plaintiff may overcome a qualified privilege only by showing that the statement was uttered with actual malice, i.e., with knowledge of its falsity or reckless disregard of the truth. *Peterfish v Frantz,* 168 Mich App 43, 53; 424 NW2d 25 (1988). The issue of actual malice is generally one of fact for the jury and for which supporting facts must be given; general allegations of malice are insufficient to establish a genuine issue of material fact. *Id.; Tumbarella, supra* at 494-495.

Here, the statement was one of qualified privilege because it was made between persons having an interest in the subject matter of the communication, thereby rebutting a prima facie inference of malice on the part of defendant Robin Fergan. See *Harrison v Arrow Metal Products Corp,* 20 Mich App 590, 611; 174 NW2d 875 (1969); *Livingston v Bradford,* 115 Mich 140, 144; 73 NW 135 (1897). In order to establish a genuine issue of material fact, therefore, plaintiff needed to allege facts which would infer actual malice. *Peterfish, supra.* However, plaintiff's complaint presented no supporting facts on the question of malice, but made only general allegations that defendant Robin Fergan "maliciously uttered" the challenged statement.

Viewing the facts of this case in a light most favorable to plaintiff, it cannot be said that defendant Robin Fergan showed reckless disregard for the truth or falsity of her statement, but that the statement was merely an attempt to determine

whether one of the employees had taken the money. Accordingly, it would not have been possible for plaintiff to prevail on her claim at trial, *Peterfish, supra,* at 48-49, and the trial court's grant of summary disposition was proper for a reason other than that given by the trial court. This Court will not reverse where the trial court reached the right result for the wrong reason. *Id.* at 53.

II

We are unpersuaded by plaintiff's argument that the trial court improperly granted summary disposition on the basis that plaintiff was an at-will employee who could be discharged without cause at any time.

In order to imply a contract terminable for just cause, a court must find an objective as well as a subjective expectancy of employment terminable for just cause. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 610; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980); *Struble v Lacks Industries, Inc,* 157 Mich App 169, 175; 403 NW2d 71 (1986). Here, the agreement's plain language refutes the contention that the agreement established an implied contract not to fire plaintiff upon discovery of shortages. The employment agreement which plaintiff signed, by which plaintiff agreed to be financially responsible for shortages of store merchandise and cash, did not state that repayment of the shortages was the sole remedy of her employer. Nor does it appear from a review of the record that defendants ever made such representations to plaintiff. No implied contract arose from plaintiff's mere subjective expectancy that she would not be fired except for just cause. *Longley v Blue Cross & Blue Shield of*

*Michigan,* 136 Mich App 336, 340-341; 356 NW2d 20 (1984); *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 478; 308 NW2d 459 (1981), lv den 414 Mich 870 (1982).

Accordingly, it would not have been possible for plaintiff to prevail on her claim of implied contract at trial. *Schwartz, supra* at 476. Hence the trial court did not err in granting summary disposition on the basis that plaintiff's employment contract was terminable at will. *Toussaint, supra.*

Affirmed.