MOORE v ST JOSEPH NURSING HOME, INC

Docket No. 112769. Submitted March 21, 1990, at Detroit. Decided August 6, 1990.

Clyde A. Moore, Sr., a security guard at a facility serviced by Maintenance Management Corporation, was savagely beaten and murdered by Jeffrey Allen St. Clair, a Maintenance Management employee. Clyde Moore, Jr., and Reggie Moore, co-personal representatives of the estate of Clyde A. Moore, Sr., deceased, filed suit against St. Joseph Nursing Home, Inc., St. Clair's former employer, in Wayne Circuit Court alleging that defendant was negligent in failing to disclose to Maintenance Management information concerning the dangerous propensities of St. Clair. The court, Maureen Pulte Reilly, J., granted summary disposition in favor of defendant. Plaintiffs appealed.

The Court of Appeals *held:*

A former employer has no duty to disclose malefic information about a former employee to the former employee's prospective employer.

Affirmed.

Master and Servant — Malefic Information — Duty to Disclose Information.

A former employer has no duty to disclose malefic information about a former employee to the former employee's prospective employer.

*Zeff, Zeff & Materna* (by *Donald M. Fulkerson* and *Howard J. Radner*), for plaintiffs.

*Lacey & Jones* (by *Stephen Jay Schwartz* and *Laurel A. Stuart*), for defendant.

Before: Holbrook, Jr., P.J., and Murphy and Jansen, JJ.

References

Am Jur 2d, Master and Servant §§ 404 et seq.

See the Index to Annotations under Labor and Employment; References for Work.

HOLBROOK, JR., P.J. Plaintiffs appeal as of right an order of the Wayne Circuit Court granting defendant's motion for summary disposition in a negligence action arising from defendant's failure to disclose information concerning the dangerous propensities of a former employee. On appeal, plaintiffs argue that an employer has a duty to disclose the records of violence of past employees. We affirm.

Plaintiffs' decedent, a security guard at a facility serviced by Maintenance Management Corporation, was savagely beaten and murdered by Jeffrey Allen St. Clair, a Maintenance Management employee. Prior to his employment with Maintenance Management, St. Clair was employed by defendant. During the course of his employment with defendant, St. Clair received twenty-four disciplinary warnings for acts ranging from outright violence to alcohol and drug use. Defendant terminated St. Clair's employment in September, 1984.

In 1985, St. Clair applied for employment with Maintenance Management and listed defendant on his application as a former employer. Although defendant asserts it was never contacted by Maintenance Management, defendant freely concedes that it would have provided no further information other than St. Clair's dates of employment had it been contacted. Plaintiffs alleged in their suit that this failure to disclose St. Clair's record of extremely violent behavior and character constituted negligence by the defendant.

Plaintiffs assert in their appeal that, as a matter of law, a former employer should have a duty to disclose a former employee's dangerous proclivities to an inquiring prospective employer. This is an issue of first impression in Michigan.

In attempting to determine whether a defendant owes an actionable duty to a plaintiff as a matter

of law, it is necessary to assess competing policy considerations for and against recognizing the asserted duty. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981). A defendant is subject to liability for negligent conduct if the law recognizes a duty to act with due care arising from the parties' relationship. *Roberts v Pinkins,* 171 Mich App 648, 651-652; 430 NW2d 808 (1988).

A party cannot be said to owe a duty to protect another party who is endangered by a third person unless there exists some special relationship between the first party and either the dangerous person or the potential victim. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 499; 418 NW2d 381 (1988). In determining whether there exists a relationship sufficient to impose a duty to act, the societal interests involved, the severity of the risks, the burden upon the defendant and the likelihood of occurrence must be balanced. *Pinkins, supra,* pp 652-653.

Plaintiffs at bar assert that defendant and Maintenance Management Corporation had a special relationship arising from a moral and social duty which Michigan law recognizes as existing between an individual's former and prospective employers. Plaintiffs would have us find that this moral and social duty gives rise to a qualified privilege which would require employers to divulge deleterious information regarding former employees without fear of a defamation suit. This we are unwilling to do.

We agree that Michigan law recognizes an employer's qualified privilege to divulge information about a former employee to a prospective employer. See *Dalton v Herbruck Egg Sales Corp,* 164 Mich App 543; 417 NW2d 496 (1987). There is, however, nothing about the conditional privilege which magically transposes it into a legal obliga-

tion requiring employers to disclose adverse information concerning a former employee. Rather, it is quite clear that in Michigan a former employer's duty to release information about a past employee is an imperfect obligation of a moral or social character. *Wynn v Cole,* 68 Mich App 706, 713; 243 NW2d 923 (1976); aff'd on remand, 91 Mich App 517; 284 NW2d 144 (1979).

There is a great societal interest in insuring that employment records are kept confidential. It is all too easy to envision a career destroyed by malefic information released by a disgruntled former employer. To expand the qualified privilege presently enjoyed by employers to require the release of deleterious information without fear of a defamation suit represents a major change in the law. We note that, at present, Michigan has no less than nine statutory provisions addressing libel and slander. In light of this clearly demonstrated legislative intent to regulate defamation law, we feel the position urged upon this Court by plaintiffs is the type of substantive change in the law which is best left to the Legislature. *Downie v Kent Products, Inc,* 420 Mich 197, 222; 362 NW2d 605 (1984).

However, even if the law were such that employers could disclose adverse information about previous employees without fear of defamation suits, it would still be necessary to demonstrate a special relationship between the parties to impose an actionable duty. *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984), lv den 422 Mich 976 (1985). We note that this Court has refused to impose a legal duty to disclose in instances where the relationships were much closer than that presented by the facts before us. See, e.g., *Petersen v Heflin,* 163 Mich App 402; 413 NW2d 810 (1987) (defendant, the wife of the assailant, co-owner of

the premises where the attack occurred and mother-in-law of the victim, had no duty to control the assailant or protect the victim).

Nor do we find that the facts presented in the case before us indicate an event so foreseeable as to warrant the imposition of a duty. In *Jackson v New Center Community Mental Health Services*, 158 Mich App 25; 404 NW2d 688 (1987), lv den 431 Mich 869 (1988), a panel of this Court refused to impose liability upon a psychiatrist and treating hospital although they may have had knowledge of a patient's violent behavior since the patient, who shot and killed two random victims, had not specifically targeted a readily identifiable victim. The case at bar presents neither a foreseeable event nor a foreseeable victim. Plaintiffs' decedent was the unfortunate and tragic victim of St. Clair's random violent behavior.

In balancing these factors, we conclude that a former employer has no duty to disclose malefic information about a former employee to the former employee's prospective employer. Although we agree with the trial court that in today's society, with increased instances of child abuse and other types of violence directed towards readily identifiable classes of people, we may have reached a point where people should make this type of information known, we restate our belief that this is a substantive change in our law, the type of change best left to our Legislature.

As to plaintiffs' assertion that defendant is clearly liable to them since defendant provided inadequate information to Maintenance Management Corporation, we note that since defendant owed no duty as a matter of law to plaintiffs, defendant can hardly be liable to them.

Affirmed.

MURPHY, J., concurs in the result only.