GONYEA v MOTOR PARTS FEDERAL CREDIT UNION

Docket No. 118351. Submitted May 22, 1991, at Detroit. Decided November 19, 1991, at 9:30 A.M.

Tena Gonyea brought an action in the Oakland Circuit Court against her former employer, Motor Parts Federal Credit Union, and her former supervisor, Donald Major, claiming defamation, intentional infliction of emotional distress, negligent termination of employment, and wrongful discharge. The court, Alice L. Gilbert, J., granted summary disposition for the defendants with respect to all claims. The plaintiff appealed. The Court of Appeals affirmed, granted a rehearing on its own motion, and issued an order amending its original opinion.

In its amended opinion, the Court of Appeals *held:*

1. The trial court did not err in granting summary disposition of the defamation claims, which related to alleged statements by Major to the Employment Security Commission that the plaintiff had been discharged for dishonesty, alleged statements by Major to certain credit union employees that plaintiff was a thief and should not be trusted, and information transmitted to prospective employers that caused them not to hire the plaintiff. The statements made to the Employment Security Commission were not actionable because they were subject to an absolute privilege pursuant to MCL 421.11(b); MSA 17.511(b). The statements made to other credit union employees were subject to the employer's qualified privilege to defame an employee by publishing statements to other employees whose duties interest them in the subject matter, and the statements to the prospective employers were subject to the employer's qualified privilege to divulge information regarding a former employee to prospective employers. In both instances of qualified privilege, the plaintiff's general allegations of actual malice were insufficient to defeat the privilege.

2. Summary disposition of the claim of intentional infliction

REFERENCES

Am Jur 2d, Libel and Slander §§ 270, 271, 273-275.

Libel and slander: privileged nature of communication to other employees or employees' union of reasons for plaintiff's discharge. 60 ALR3d 1080.

of emotional distress was proper. Even if the tort of intentional infliction of emotional distress is a viable cause of action in Michigan, the plaintiff's factual allegations were not sufficient to establish that the defendants' conduct was outrageous and constituted intentional infliction of emotional distress.

3. The trial court did not err in granting summary disposition of the claim of negligent termination of employment. A breach of an employment contract does not give rise to a tort claim where, as in this case, the alleged breach of duty is indistinguishable from the alleged breach of contract.

4. Summary disposition of the wrongful discharge claim was proper. That claim was based on the plaintiff's belief that, on the basis of conversations with former fellow employees, her employment had been pursuant to a contract providing for discharge only for just cause. However, an employee's expectation of termination only for just cause must be grounded on representations by the employer.

Affirmed.

LIBEL AND SLANDER — QUALIFIED PRIVILEGE — EMPLOYERS — ACTUAL MALICE.

An employer has a qualified privilege to divulge information regarding a former employee to a prospective employer and a qualified privilege to defame an employee by publishing a statement to other employees whose duties interest them in the subject matter of the defamatory material; such qualified privileges can be overcome only by showing that the information was given or the statement was uttered with actual malice, i.e., with knowledge of its falsity or with reckless disregard of the truth; the issue of actual malice is generally one of fact for the jury; general allegations of malice are insufficient to establish a genuine issue of material fact.

*Ronald J. Gricius, P.C.* (by *Jeffrey W. Rentschler*), for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen* and *Lisa T. Milton*), for the defendants.

Before: HOLBROOK, JR., P.J., and SULLIVAN and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right two

orders of the Oakland Circuit Court, one granting defendants summary disposition of plaintiff's breach of employment contract claim and the other granting summary disposition of her claims of negligent termination, intentional infliction of emotional distress, and defamation. We affirm.

Plaintiff was employed by defendant credit union as a teller beginning on September 16, 1986, and defendant Major was designated her immediate supervisor. Upon commencement of her employment, plaintiff received from the credit union written material that was identified as an employee handbook. Plaintiff alleges, however, that the written material she received dealt only with hours of work, overtime, insurance, vacation, and benefits. Plaintiff admitted that although no one from management ever told her she would be terminated for cause only, she believed this to be the case.

On September 17, 1987, Mr. Major approached plaintiff around 2:30 P.M. and instructed her to determine the balance of the contents of her cash drawer. Plaintiff took her cash drawer to the back room, where she was joined by Major and Sandra Sullivan, the credit union's bookkeeper. Mr. Major, in Ms. Sullivan's presence, told plaintiff that she was fired because of allegations of theft made against her by two credit union members.

I

Plaintiff first argues that it was error to grant summary disposition of the defamation count for failure to specifically plead dates and places of defamation where defendants did not raise the issue and where plaintiff's trial counsel orally moved for leave to amend. We disagree.

The elements of a claim of defamation are (1) a

false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statements irrespective of special harm, or the existence of special harm caused by the publication. *Hodgins Kennels, Inc v Durbin,* 170 Mich App 474, 479-480; 429 NW2d 189 (1988). These elements must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words. *Ledl v Quik Pik Food Stores, Inc,* 133 Mich App 583, 589; 349 NW2d 529 (1984).

Plaintiff alleges three instances of defamation by defendants: (1) that on or about November 12, 1987, defendant Major defamed her by stating to the Michigan Employment Security Commission that she was "discharged for dishonesty" when it requested employment information; (2) that on September 19, 1987, Major told numerous individuals that plaintiff was a thief and should not be trusted; and (3) that information transmitted to two prospective employers caused them not to hire plaintiff.

Pursuant to MCL 421.11(b); MSA 17.511(b), any statement made to the MESC in the course of its administrative functions is absolutely privileged and the party making it is immune from suit. *Annabel v C J Link Lumber Co,* 115 Mich App 116, 122; 320 NW2d 64 (1982), modified 417 Mich 950 (1983). Thus, Major's statements to the MESC were not actionable given the statutory grant of absolute privilege.

Regarding plaintiff's second and third claims of defamation, the pleadings for each of those claims are in some way deficient. The claim concerning

Mr. Major's statements to credit union employees that plaintiff was a thief and should not be trusted fails to state to whom publication was made. Plaintiff's claim concerning Major's alleged statements to two prospective employers is insufficient because it fails to state the substance of the defamatory statements. Although plaintiff argues here, as she did below, that she should have been granted leave to amend her complaint, we do not believe that plaintiff could have overcome the deficiencies through amendment of the complaint.

While leave to amend is to be freely granted absent undue delay, bad faith, or dilatory motive, leave may be denied where an amendment would be futile. *McNees v Cedar Springs Stamping Co*, 184 Mich App 101, 103; 457 NW2d 68 (1990). An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. *Formall, Inc v Community Nat'l Bank of Pontiac,* 166 Mich App 772, 783; 421 NW2d 289 (1988).

We believe that although plaintiff could amend her claim by naming the specific parties to whom Major made statements, she could not be specific about the statements with respect to the two prospective employers because she admitted in her deposition that she was unsure about what was said and just presumed it was defamatory because she did not get either job. Moreover, even if plaintiff could accumulate sufficient facts to amend the complaint, the amendments would still be futile for lack of the element requiring the communications to be unprivileged.

The statements plaintiff alleges Major made to other employees were protected by a qualified privilege. An employer has the qualified privilege to defame an employee by making statements to other employees whose duties interest them in the

subject matter. *Smith v Fergan,* 181 Mich App 594, 597; 450 NW2d 3 (1989). The only person plaintiff could identify as having heard the statements made by Major at the credit union was Ms. Sullivan, the credit union's bookkeeper. Sullivan's position obviously gave her an interest in the allegations against plaintiff; therefore, the statements by Major were made under a qualified privilege.

Likewise privileged were the statements made by Major to the two prospective employers; an employer has a qualified privilege to divulge information regarding a former employee to a prospective employer. *Moore v St Joseph Nursing Home, Inc,* 184 Mich App 766, 768; 459 NW2d 100 (1990). The elements of a qualified privilege are (1) good faith, (2) an interest to be upheld, (3) a statement limited in scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner and to proper parties only. *Bufalino v Maxon Bros, Inc,* 368 Mich 140, 153; 117 NW2d 150 (1962). Plaintiff may overcome this qualified privilege only by showing that the statement was made with actual malice, that is, knowledge of its falsity or reckless disregard of the truth. *Smith, supra,* p 597.

There is a conflict in this Court regarding whether general allegations of malice are sufficient to establish a genuine issue of material fact. *Grostick v Ellsworth,* 158 Mich App 18; 404 NW2d 685 (1987), held that malice can be alleged generally and that a plaintiff should be given ample opportunity to demonstrate actual malice. *Id.,* p 23. Trial courts therefore should be reluctant to prevent the issue from reaching the jury. *Id. Smith v Fergan, supra,* held that because the issue of actual malice is one for the jury, supporting facts must be given and general allegations of malice are therefore

insufficient to establish a genuine issue of material fact. *Smith, supra,* p 594.

We believe that *Smith* represents the better view and adopt it as our own. In the case before us, plaintiff made general allegations that statements made by defendant Major were false, malicious, and slanderous, and were made after repeated denials of plaintiff's request for some sort of hearing so that she could clear her name. These general allegations were not a sufficient allegation of malice. We therefore hold that summary disposition of the defamation claims was proper.

II

Plaintiff next argues that it was error for the trial court to grant summary disposition of the claim of intentional infliction of emotional distress where the allegations were made in addition to and separate from plaintiff's alternate count of breach of contract and wrongful discharge. Although the Michigan Supreme Court considers the existence of this tort an open question, *Roberts v Auto-Owners Ins Co,* 422 Mich 594; 374 NW2d 905 (1985), this Court has recognized such a cause of action since *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386; 239 NW2d 380 (1976), and continuing at least through *McCahill v Commercial Ins Co,* 179 Mich App 761, 768; 446 NW2d 579 (1989). No decision of this Court that binds other panels pursuant to Administrative Order No. 1990-6 has been issued with respect to this issue after November 1, 1990.

We consider it unnecessary to determine in this case whether the tort of intentional infliction of emotional distress remains viable as an independent cause of action. Because we have already held that plaintiff has failed to plead actionable malice

and that the defendants' actions giving rise to the alleged tort were subject to at least a qualified privilege, the facts of the case establish that defendants merely "have done no more than to insist upon their legal rights in a permissible way, even though they are well aware that such insistence is certain to cause emotional distress." *Warren, supra,* p 391, citing Restatement Torts, 2d, § 46, Comment g, p 76. Accord *Roberts, supra.*

We note that defendants' conduct occurred in the presence of only a small coterie of business principals and allegations of wrongdoing by plaintiff were not bandied about unnecessarily in a manner "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" such that, upon "recitation of the facts to an average member of the community," resentment would be aroused so as to lead that hypothetical person "to exclaim, 'Outrageous!' " Restatement Torts, 2d, § 46, Comment d, pp 72-73.

## III

Next, plaintiff argues that the trial court erred in granting summary disposition of the count alleging negligence by defendants in discharging her where she had pleaded no loss or damage as a result of any personal injury. In making her argument, plaintiff asserts that the exclusive remedy provision of the Workers' Disability Compensation Act was the basis for the grant of summary disposition and that the trial court erred in its reliance upon this provision because plaintiff made no allegation of industrial injury. Rather, plaintiff argues that defendants were negligent in failing to investigate the charges alleged against her.

We begin by noting that plaintiff is correct in her assertion that the exclusive remedy provision of the workers' compensation act does not apply to the case at bar. Her claim is nonetheless barred.

This Court adheres to the rule that a breach of an employment contract does not give rise to a tort claim where the breach of duty is indistinguishable from the breach of contract. See *Kostello v Rockwell Int'l Corp,* 189 Mich App 241; 472 NW2d 71 (1991); *Mitchell v General Motors Acceptance Corp,* 176 Mich App 23; 439 NW2d 261 (1989); *Dahlman v Oakland University,* 172 Mich App 502; 432 NW2d 304 (1988); *Brewster v Martin Marietta Aluminum Sales, Inc,* 145 Mich App 641; 378 NW2d 558 (1985).

Plaintiff bases her allegation of negligent discharge on her claim that defendants had a duty to act in good faith toward her and a duty not to discharge her without cause. Because her claim of negligence is based on duty she claims existed as part of her employment contract, plaintiff has not alleged a breach of duty separate and distinct from the alleged breach of contract, and her claim therefore fails as a matter of law. There was no error in the trial court's grant of summary disposition.

IV

Lastly, plaintiff argues that the trial court erred when it granted summary disposition of her wrongful discharge claim, because it made findings of fact rather than allowing the matter to go to the jury. We disagree.

In her argument, plaintiff asserts that because of statements made to her by supervisors and the employment relationships she observed between defendant credit union and other employees, she

was justified in believing that she was employed pursuant to a contract providing for discharge for just cause only.

A just-cause employment contract may be created by an express agreement or as a result of an employee's legitimate expectations grounded in the policy statements of the employer. *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579, 598; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980). The employee's legitimate expectations may be based on stated employment policies and established procedures. *Id.,* pp 618-619. The expectation, however, must be based on both a subjective and objective belief that the employee is employed under a just-cause contract. *Stoken v J E T Electronics & Technology, Inc,* 174 Mich App 457, 465; 436 NW2d 389 (1988).

Although statements made by management personnel to employees, as alleged by plaintiff, may create a legitimate expectation of termination for cause only, *Richards v Detroit Free Press,* 173 Mich App 256, 257; 433 NW2d 320 (1988), a review of the record below clearly contradicts plaintiff's assertion that these statements were made to her by management personnel. Rather, in her deposition testimony, plaintiff testified that nothing was discussed at either of her two interviews regarding the terms and conditions of her employment other than job duties; the nature of termination of employment was not discussed. She specifically stated that during the time she was employed at the credit union, neither defendant Major nor any management personnel ever discussed the reasons or conditions for termination or told her she would be terminated for just cause only. She testified that she gained this understanding only through her conversations with her fellow employees. Her sole basis for believing she was a just-cause em-

ployee were these discussions with her fellow employees. This is insufficient to create a genuine issue of fact regarding whether plaintiff had a legitimate expectation of employment with termination for cause only. Summary disposition was therefore properly granted.

Affirmed.