*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SQUARE LAKE HILLS ASSOCIATION,

Plaintiff/Counterdefendant-Appellee,

v

RUSSELL GARLAND,

Defendant/Counterplaintiff/Third-
Party Plaintiff-Appellant,

and

HIGHLANDER GROUP MMC, INC., TINA
SIGLER, SANDRA DONIA, and CYRIL CORNAK,

Third-Party Defendants-Appellees.

UNPUBLISHED
November 12, 2020

No. 350403
Oakland Circuit Court
LC No. 2018-163007-CH

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Defendant/counterplaintiff/third-party plaintiff Russell Garland (Garland) appeals by right
the circuit court's order granting summary disposition in favor of plaintiff/counter-defendant
Square Lake Hills Association (the association) and third-party defendants Highlander Group
MMC, Inc. (Highlander), Tina Sigler (Sigler), Sandra Donia (Donia), and Cyril Cornak (Cornak).
We affirm in part, reverse in part, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The association is the condominium association for Square Lake Hills Condominium in
Bloomfield Hills. Cornak was president of the association, and Donia was a board member.
Highlander is a property management company, and Sigler is a Highlander employee who is the
property manager for the association. Garland was co-owner of one of the units in the
condominium who purchased the unit on a land contract from the association.

-1-

Owners of units in the condominium are required to abide by the condominium's bylaws. One of those bylaws prohibits the parking of boats or trailers on any part of the condominium's premises. It is not disputed that Garland parked a boat and trailer on the premises and continued to do so despite several warnings. Eventually, the association filed suit in Oakland circuit court (the circuit court action), seeking an injunction permanently restraining and enjoining Garland from violating the applicable bylaws and ordering him to remove the boat or trailer from the premises.

Garland filed a counterclaim and third-party complaint, alleging: (1) breach of contract against the association; (2) negligence against the association and Highlander; (3) breach of contract against Cornak, Highlander, and Sigler; and (4) defamation against Highlander, Sigler, and Donia. Garland's breach-of-contract claim against the association alleged that it had breached the condominium bylaws by failing to repair or replace damaged "venting, insulation, and pipes" in his building. Garland's negligence claim against the association and Highlander alleged that they had breached their duty to inspect, repair, and remediate common elements within the walls of the condominium units. Garland's breach of contact claim against Cornak, Sigler, and Highlander was premised on an alleged oral promise made to Garland that he would be able to turn his carport into an enclosed garage that would be suitable to store his boat. Garland's defamation claim alleged that Highlander, Sigler, and Donia "made several false allegations and defamatory statements in an effort to destroy [Garland's] reputation and professional standing, including but not limited to announcing to the members attending the Board Meeting that [Garland] had a gun, was violent, and that [Garland] was going to harm someone."

While these competing claims were pending in the circuit court, the association filed a complaint in district court (the district court action) against Garland for possession of property after a land contract forfeiture, alleging that Garland had materially breached the land contract by being in arrears on payments under the contract, by failing to remove his boat and trailer from the carport and premises, and by failing to pay condominium assessments. The district court entered a judgment of possession and ordered Garland to pay $4,402 in costs and attorney fees within 90 days in order to retain possession.

Garland appealed the decision to the circuit court, arguing in pertinent part that the district court erred by determining that the land contract had been forfeited because, by the time the judgment was entered, he had remedied all of the issues that led to the commencement of the action. The circuit court disagreed and affirmed the judgment of possession.

Subsequently, in the circuit court action, the association and all third-party defendants moved for summary disposition of Garland's claims and counterclaims, arguing that all of Garland's claims were barred by the doctrine of res judicata, because the claims had been or could have been resolved by the district court. The association and third-party defendants also argued that Garland could not prove actual malice with respect to his defamation claim, which was needed because the alleged publishers—Sigler and Donia—had a qualified privilege.

Garland responded to the motion and argued that the doctrine of res judicata was not applicable because his claims were not and could not have been actually litigated in the district court action. In support of his defamation claim, Garland attached to his response the unsworn

affidavit of Benjamin Esquivel,[1] which stated that Sigler had told Garland to "shut the hell up and sit down" at a homeowners' meeting and had stated that Garland had a gun, was violent, and was going to harm someone.

The circuit court granted the association's and third-party defendants' motion for summary disposition, stating with regard to Garland's breach-of-contract and negligence claims:

> The contract and negligence claims against Square Lake Hills were already litigated in the District Court case, which found that the land contract had been forfeited and Square Lake Hills was entitled to possession of the subject property. On appeal, [the circuit court] affirmed this finding. Because these claims were actually litigated in the summary proceedings and decided by the District Court on the merits, res judicata bars the re-litigation of these claims in the instant case.

With regard Garland's defamation claims, the court stated:

> [T]he Court finds that [Garland] has failed to overcome the affirmative defense of qualified privilege because he has not shown that the alleged defamatory statements were made with actual malice.

This appeal followed.

## II. NEGLIGENCE AND BREACH-OF-CONTRACT CLAIMS

Garland argues that the circuit court erred when it granted the association's and third-party defendants' motion for summary disposition with respect to his third-party claims for negligence and breach of contract. We agree. We review de novo a trial court's decision on a motion for summary disposition. *Gyarmati v Bielfield*, 245 Mich App 602, 604; 629 NW2d 93 (2001). We review de novo as a question of law the application of the doctrine of res judicata. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

Although the motion for summary disposition and the order granting summary disposition cited MCR 2.116(C)(7), (8), and (10), the circuit court held that Garland's claims were barred by res judicata. A party is entitled to summary disposition under MCR 2.116(C)(7) if, among other things, a "prior judgment" has been entered. MCR 2.116(C)(7). See *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395 n 3; 573 NW2d 336 (1997).

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. Moreover, the substance or content of the supporting proofs must be admissible in evidence. Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the

---

[1] While the document is titled an "affidavit" and signed by Esquivel, it is not a sworn statement or notarized.

complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citations omitted).]

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* Michigan law takes a broad approach to res judicata—the doctrine not only bars claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*; see also *Adam v Bell*, 311 Mich App 528, 531; 879 NW2d 879 (2015).

Here, the association and third-party defendants argued that the prior action was the district court action, which was resolved before the circuit action—although, as Garland notes, it was actually filed after the circuit court action. This fact alone raises some question about the applicability of the doctrine in favor of the association and third-party defendants. However, we need not decide the issue on that basis, because we conclude that Garland's claims could not have been, and were not, actually litigated in the district court action.

Although the circuit court ruled that Garland's breach-of-contract and negligence claims had been actually litigated in the district court, the record shows that the only claim that was actually litigated in the district court action was the association's claim for possession of property after a land contract forfeiture. The basis for the judgment was that Garland had forfeited the land contract by breaching its terms by failing to pay sums owed on the land contract and by failing to adhere to the condominium's bylaws. None of the claims that Garland raised in circuit court involved a claim for possession after a land contract forfeiture. Nor did Garland raise any counterclaims or third-party claims in the district court involving negligence or breach of contract.

Notwithstanding the above, the association and third-party defendants argue that a single footnote from the circuit court's appellate opinion in the district court action shows that Garland's claims were actually litigated in the district court action. We disagree. The footnote states:

> The Court acknowledges that Defendant continuously argues that Plaintiff failed to remedy certain issues with the property. However, to the extent that Defendant is arguing that Plaintiff's alleged failure to make certain repairs to the property excused him from making payments and complying with the land contract, his argument is entirely unsupported by law and the plain language of the land contract. See MCL 559.239.

This footnote is hardly a resolution of Garland's negligence and breach of contract claims—it merely states that "to the extent" Garland argued that the association's failure to remedy "certain issues" with the property was a defense to the association's claim of possession, the district court did not find it a valid one. Nor does the footnote mention third-party defendants at all. We conclude that the circuit court erred by holding that Garland's breach of contract and negligence claims were actually litigated in the district court action. *Adair*, 470 Mich at 121.

The association and third-party defendants nonetheless argue that the circuit court reached the correct result, because Garland's claims could have been raised in the district court. We disagree. Only claims that arose out of the same transaction are barred by the res judicata doctrine. *Adair*, 470 Mich at 121; see also *Begin v Mich Bell Tel Co*, 284 Mich App 581, 600; 773 NW2d 271 (2009), overruled in part on other grounds by *Admire v Auto-Owners Ins Co*, 494 Mich 10; 831 NW2d 849 (2013). Michigan courts use a "transactional" test to determine if a matter could have been resolved in the first case. *Washington*, 478 Mich at 420; *Adair*, 470 Mich at 124-125. "The transactional test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give[s] rise to the assertion of relief." *Adair*, 470 Mich at 124 (quotation marks and citation omitted). "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . ." *Id*. at 125 (citation omitted).

In the circuit court case, Garland's claims for breach of contract and negligence against the association and Highlander were premised on those parties' alleged failure to perform required repairs and maintenance on the building that housed his unit, which Garland alleged resulted in him being displaced from the unit and suffering damages. The association's complaint in the district court, on the other hand, was based on Garland's forfeiture of the land contract by virtue of Garland failing to make his payments as required on the contract, and additionally on Garland's failure to abide by certain bylaws, including illegally parking his boat. These claims involve different, tenuously related facts, and would not have formed a convenient trial unit. *Adair*, 470 Mich at 125.

Garland's additional claim for breach of contract was premised on the allegation that Cornak had made an oral promise to allow Garland to perform work on his carport to turn it into an enclosed unit (so that it would be suitable to store his boat), but that Cornak, Highlander, and Sigler had not authorized or permitted Garland to perform the work. Although the existence of such a promise was arguably relevant to whether Garland had breached the association's bylaws, the breach of that alleged promise arose out of an entirely different transaction than the association's claims regarding Garland's forfeiture under the land contract. *Id*.

In sum, the facts underlying Garland's claims in the circuit court action did not arise out of the same transaction or set of operative facts as the facts underlying the association's claims in the district court. The circuit court therefore erred by relying on the doctrine of res judicata to dismiss Garland's counterclaims of negligence and breach of contract. Consequently, we reverse the portion of the circuit court's order granting the association's and third-party defendants' motion with respect to Garland's breach-of-contract and negligence claims, and remand for further proceedings.[2]

---

[2] Our ruling is limited solely to whether the claims are barred by the doctrine of res judicata. We express no opinion about whether these claims could survive other potential challenges under MCR 2.116(C)(8) or MCR 2.116(C)(10).

## II. DEFAMATION CLAIM

Garland also argues that the circuit court erred by granting summary disposition in favor of third-party defendants on his defamation claim. We disagree. When deciding whether summary disposition is proper under MCR 2.116(C)(10),[3] a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties in a light most favorable to the party opposing the motion. MCR 2.116(G)(5); *Greene v A P Prod, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006). A motion brought under MCR 2.116(C)(10) is properly granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Michalski v Bar-Levav*, 463 Mich 723, 730; 625 NW2d 754 (2001).

In the circuit court, third-party defendants argued that Garland could not establish a prima facie case of defamation because he could not show that any third-party defendant made any defamatory statement and because he could not prove any damages. Alternatively, third-party defendants argued that assuming a prima facie case was established, Garland could not prove actual malice, which is needed because third-party defendants had qualified immunity. The circuit court did not address third-party defendants' principal arguments, but granted third-party defendants' motion for summary disposition because it found that Garland had "failed to overcome the affirmative defense of qualified privilege because he has not shown that the alleged defamatory statements were made with actual malice."

The elements of defamation are as follows:

(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. [*Ghanam v Does*, 303 Mich App 522, 544; 845 NW2d 128 (2014) (quotation marks and citation omitted).]

"A communication is defamatory if, under all circumstances, it tends to so harm the reputation of an individual that it lowers the individual's reputation in the community or deters other from associating or dealing with the individual." *Kefgen v Davidson*, 241 Mich App 611, 617; 617 NW2d 351 (2000). However, if the one defending against a claim of defamation had a qualified privilege to make the statement, then the one bringing the suit can overcome that privilege "only

---

[3] As stated, the association and third-party defendants brought their motion under MCR 2.116(C)(7), (8), and (10). The circuit court ruled that Garland had "failed to overcome the affirmative defense of qualified privilege because he has not shown that the alleged defamatory statements were made with actual malice," and appears to have considered material beyond the pleadings themselves; we therefore treat the circuit's ruling as having been made under MCR 2.116(C)(10). See *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (stating that in context of a motion brought under MCR 2.116(C)(10), the nonmovant has the burden to bring forth evidence to show that there is a genuine issue of material fact).

by showing that the statement was uttered with actual malice." *Smith v Fergan*, 181 Mich App 594, 597; 450 NW2d 3 (1989).

"It is undisputed that Michigan law recognizes a qualified privilege as applying to communications on matters of 'shared interest' between parties." *360 Constr Co, Inc v Atsalis Bros Painting Co*, 915 F Supp 2d 883, 894 (ED Mich, 2012), citing *Rosenboom v Vanek*, 182 Mich App 113, 117; 451 NW2d 520 (1989). A qualified privilege exists for bona fide communications concerning "any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty." *Timmis v Bennett*, 352 Mich 355, 366; 89 NW2d 748 (1958) (quotation marks and citation omitted). "The elements of a qualified privilege are (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner and to proper parties only." *Prysak v R L Polk Co*, 193 Mich App 1, 15; 483 NW2d 629 (1992). Whether that privilege applies is a question of law for the court to decide. *Id*. at 14-15.

In this case, third-party defendants argued before the circuit court that they had a qualified privilege to make the alleged defamatory statements. In responding to their motion, Garland asserted that the affidavit of Esquivel established that genuine issues of material fact existed concerning whether the statements were false, made with malice, constitute defamation, or were privileged. However, Esquivel's affidavit was not properly considered when deciding the motion for summary disposition because, while it was signed by Esquivel, it was not signed under oath or notarized. See *Liparoto Constr, Inc v Gen Shale Brink, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009) ("[U]nsworn statements . . . are not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10)."), citing *Marlo Beauty Supply, Inc v Farmers Ins Group of Cos*, 227 Mich App 309, 321; 575 NW2d 324 (1998).

"A party opposing a motion brought under MCR 2.116(C)(10) may not rest upon the mere allegations or denials in that party's pleadings, but must by affidavit, deposition, admission, or other documentary evidence set for specific facts showing that there is a genuine issue for trial." *Marlo Beauty Supply*, 227 Mich App at 321-322. In this case, because the affidavit was the only "evidence" Garland presented and relied on in opposing the motion for summary disposition and because the affidavit cannot properly be considered, Garland failed to make the requisite showing to oppose the motion. Accordingly, the circuit court did not err by granting summary disposition in favor of third-party defendants on Garland's defamation claim.[4]

---

[4] In any event, the motion also could have been granted on the basis of the movants' arguments that Garland could not show that any statements were defamatory and that Garland could not show that he suffered any damages, as Garland failed to create a genuine issue of material fact on these elements. See *Washburn v Michailoff*, 240 Mich App 669, 678 n 6; 613 NW2d 405 (2000) (stating that this Court will affirm the decision of the lower court when it reached the right result, although for a different reason).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello